IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY C. WILLIAMS, III,

    Petitioner,                    No. CIV S-10-0310 LKK DAD P

    vs.

K. DICKINSON,

    Respondent.              <u>ORDER</u>

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision of the California Board of Parole Hearings (Board) to deny him parole for three years at a 2008 parole consideration hearing. On April 28, 2010, petitioner filed a request to expand the record before the court to include the Board's later denial of petitioner's request to advance his next parole suitability hearing to a date earlier than three years. Petitioner has attached to his request to expand the record a copy of the request for an earlier hearing he submitted to the Board; the Board's summary denial of that request; and various documents, including certificates and news articles, filed in support of the request. Petitioner argues that these documents will show "the Board has once again on absolutely no evidence denied both Due Process and Liberty Interest of this petitioner" in denying petitioner's request for an earlier hearing date. (April 28, 2010

Motion to Expand the Record, at 1.)

Rule 7 of the Rules Governing § 2254 cases allows the district court to expand the record without holding an evidentiary hearing. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005) (citing 28 U.S.C. foll. § 2254, Rule 7). However, before the record may be supplemented with new evidence, a petitioner must meet the standards set forth in 28 U.S.C. § 2254(e) for the conducting of an evidentiary hearing. Id. Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005). Expansion of the record in this case to include petitioner's request that his next parole consideration hearing be held before the expiration of three years, and the decision thereon, is not necessary or appropriate. The Board's decision to deny petitioner's request for an earlier subsequent parole consideration hearing has no bearing on petitioner's claim presented in the instant petition that the Board of Parole Hearings violated his right to due process by finding him unsuitable for parole in 2008.

Accordingly, IT IS HEREBY ORDERED that petitioner's April 28, 2010 request to expand the record is denied.

DATED: July 13, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
williams310.expand