IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY C. WILLIAMS, III,

    Petitioner,                        No. CIV S-10-0310 LKK DAD P

    vs.

K. DICKINSON,

    Respondent.                     FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner challenges the 2008 decision of the California Board of Parole Hearings (hereinafter "Board")[1] finding him unsuitable for parole at his initial parole consideration hearing. Before the court is respondent's motion to dismiss the petition on the grounds that petitioner failed to properly exhaust his federal habeas claims by first fairly presenting them to the highest state court. Petitioner has filed an opposition to the motion.

/////

/////

---

[1] Although petitioner refers to the Board of Prison Hearings, the Board of Prison Terms, effective July 1, 2005, was re-named the Board of Parole Hearings ('BPH'). See In re Olson, 149 Cal. App. 4th 790, 793 n.1 (2007).

1

**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner raises three claims for federal habeas relief in the petition pending before this court.  First, he claims that the Board's 2008 decision denying him parole was not supported by "some evidence" of current dangerousness and was reached through the application of "the wrong analytical framework and criteria" and thus violated his right to due process. (Petition (Doc. No. 1) at 7.)  Specifically, petitioner challenges the Board's findings that he posed an unreasonable threat to the public if released on parole and points to his most recent psychological evaluation, which petitioner contends "weighs heavily in favor of release." (Id. at 7-8.)

Second, petitioner claims that the Board "executes a policy that is unfair and biased which results in the arbitrary and capricious denial of parole" in violation of both the equal protection clause and petitioner's right not to be subjected to cruel and unusual punishment.  (Id. at 9.)  Relying on the decision in In re Lawrence, 44 Cal. 4th 1181 (2008), petitioner argues that "[p]arole is the norm, not the exception" and that he should not be required to "show 'insight'" - which has "no set standard or guideline to apply" - or to "change his version of the crime . . . to conform to the Board's version" in order to be found suitable for release on parole  (Doc. No. 1 at 9.)

Third, petitioner claims that his liberty interest in parole was violated by the Board's "arbitrary and capricious decision" and that this violation of his constitutional rights provides a cognizable ground for habeas relief.   (Id. at 11.)

**MOTION TO DISMISS**

I. Respondent's Motion

Respondent contends that petitioner did not exhaust his claims by presenting them first to the California Supreme Court as evidenced by that court denying him habeas relief with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995).  (MTD at 3.)  In this regard, respondent notes that in seeking habeas relief from the California Supreme Court, petitioner failed to submit

2

1  a copy of the transcript of his 2008 parole and instead, included only copies of his psychosocial
2  assessment, the face sheet for the Board's decision and lower state court decisions denying his
3  previous habeas petitions. (Id. at 3-4. ) Respondent argues that a citation to Duvall "stands for
4  the proposition that a petitioner must 'state fully and with particularity the facts on which relief is
5  sought' and 'include copies of reasonably available documentary evidence supporting the claim,
6  including pertinent portions of trial transcripts and affidavits or declarations.'" (Id. at 3) (quoting
7  Millan v. Marshall, 677 F. Supp. 2d 1217, 1220 (C.D. Cal. 2009). Respondent argues that since
8  petitioner did not submit a copy of the hearing transcript with his final state habeas petition, the
9  California Supreme Court never adjudicated the merits of his claims. Accordingly, respondent
10 contends, the claims in the habeas petition pending before this court are unexhausted and the
11 petition should be dismissed.
12 II. Petitioner's Opposition
13         Petitioner asserts that he has exhausted his claims by fairly presenting them to the
14 highest state court. He argues that he first presented his claims to the Alameda County Superior
15 Court and when that court issued a "fundamentally unfair decision," he asked the California
16 Court of Appeal to address the constitutional violations. (Opp'n at 2.) Petitioner contends that
17 when the California Court of Appeal summarily denied his petition, he filed a habeas petition
18 with the California Supreme Court in which he presented all of his current claims for relief. (Id.)
19 Addressing respondent's specific arguments, petitioner asserts that he fulfilled the requirements
20 of California law in his petition filed with the California Supreme Court, noting that he is not
21 required to provide the court with every piece of evidence in support of his claims. (Id. at 3.)
22 Petitioner also notes that the California Supreme Court's bare citation to Duvall without
23 comment does not mean that he failed to exhaust his claims. (Id.) Petitioner argues that in his
24 case the state courts failed to adhere to established rules and procedures governing habeas corpus
25 actions. (Id. at 4.) Petitioner takes the position that the state courts should adjudicate habeas
26 petitions instead of "merely passing the buck up to the federal court[.]" (Id.) Petitioner

concludes by asserting that state court habeas remedies are "fundamentally inadequate" since he provided those courts with "all documents needed to issue an Order to Show Cause or Hold an Evidentiary Hearing, including the Board Decision Fact Sheet outlining Denial Criteria." (Id.)

**ANALYSIS**

I. <u>Exhaustion Requirement</u>

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)); <u>King v. Ryan</u>, 564 F.3d 1133, 1138 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); <u>Farmer v. Baldwin</u>, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)). In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). The exhaustion requirement will not be deemed to have been waived unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See <u>Wooten</u>, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); <u>Lounsbury v. Thompson</u>, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting <u>Picard</u>, 404 U.S. at 276)); <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir.

1  1999); see also Bland v. California Dep't of Corrs., 20 F.3d 1469, 1473 (9th Cir. 1994).

2  II. Discussion

3  Respondent argues that the California Supreme Court's citation to Duvall in its
4  order denying habeas relief means that the merits of petitioner's claims were never addressed by
5  that court because he did not attach a copy of his hearing transcript to his petition filed with that
6  court. Respondent notes that one California district court has held that such an omission violates
7  the fair presentation requirement:

> Since petitioner did not attach a copy of the [parole] Board's decision to his habeas corpus petition, the [California] Supreme Court's citation to Duvall stands for the proposition that the petition was incomplete and an amended petition should be filed; thus, the Supreme Court did not consider the merits of petitioner's claim . . . . petitioner chose not to refile an amended petition in the California Supreme Court. Thus, petitioner's claims have not been fairly presented to the California Supreme Court for its consideration and have not been exhausted, and the pending petition must be dismissed without prejudice.

14  Millan, 677 F. Supp. 2d at 1220-21. Other district courts have come to a similar conclusion. See
15  Scott v. Wong, No. C 09-0051 SBA (PR), 2010 WL 3910183, at *3-4 (N.D. Cal. Sept. 30, 2010)
16  (concluding that petitioner's claim was unexhausted where the state court cited to Duvall in
17  denying relief and petitioner had failed to submit the full parole hearing transcript so that the
18  state court could review his "some evidence" claim); Spade v. Haviland, No. CIV S-09-2124-
19  GEB-CMK-P, 2010 WL 3034686, at *3 (E.D. Cal. July 28, 2010) (concluding that the federal
20  habeas petition presented an unexhausted claim where the California Supreme Court cited to
21  Duvall, 9 Cal. 4th at 474, and petitioner could have cured the pleading defect by submitting the
22  transcript of the parole hearing to that court); Kilpatrick v. Hartley, No. EDCV 09-1410-JFW
23  (OP), 2010 WL 4053664, at *4 (C.D. Cal. July 20, 2010) (holding that petitioner did not fairly
24  present his habeas claim to the California Supreme Court where his habeas petition to that court
25  was denied with a citation to Duvall and he failed to attach any supporting documents to his state
26  habeas petition); Magee v. Clark, No. 1:09-CV-01663 OWW GSA HC, 2010 WL 2824654, at *3

5

1  (E.D. Cal. July 15, 2010) (concluding that petitioner's parole habeas claim was unexhausted
2  because the California Supreme Court denied his state petition with citations to In re Miller, 17
3  Cal. 2d 734 (1941) and Duvall, and petitioner had failed to provide that court with a transcript of
4  his parole hearing); Sanders v. Salzar, No. 1:08-cv-01357-AWI-BAK-GSA HC, 2009 WL
5  2923057, at *4 (E.D. Cal. Sept. 4, 2009) (finding that although petitioner included the transcript
6  of his parole hearing with his initial state habeas petition, he failed to provide a copy of that
7  transcript with his petition filed in the California Supreme Court, and thus, that court's citation to
8  Duvall supported the conclusion that petitioner did not properly exhaust his habeas claim). But
9  see Green v. Clark, No. 1:09-cv-01518 OWW MJS HC, 2010 WL 3516703, at *5-6 (E.D. Cal.
10 Sept. 7, 2010) (concluding that a claim was fairly presented to the California Supreme Court,
11 even though petitioner did not attach a complete copy of the parole hearing transcript and
12 decision to his state habeas petition because petitioner had provided that court "significant detail"
13 and information concerning his habeas claim).
14         Here, the court concludes that petitioner has not fairly presented his claims to the
15 California Supreme Court. In his habeas petition submitted to that court petitioner argued that
16 the Board's decision to deny him parole did not satisfy the "some evidence" standard and was
17 arbitrary and capricious. (Doc. No. 21-1 at 6-7.) However, the only way the California Supreme
18 Court could have assessed the merits of petitioner's claims would be to review the parole hearing
19 transcript to determine how the Board panel reached their decision. Although petitioner provided
20 the California Supreme Court with his psychosocial assessment, the Board's "Life Prisoner
21 Hearing Decision Face Sheet," and the decisions of the Alameda County Superior Court and
22 California Court of Appeal denying habeas, those documents did not provide a complete
23 explanation of the Board's decision nor do those documents and the petition filed with the
24 California Supreme Court provide sufficient detail concerning the basis for petitioner's claims.
25 Moreover, the parole hearing transcript was reasonably available to petitioner as evidenced by the
26 fact that he had attached it to his earlier state habeas petitions. See Smith v. Subia, No. CIV S-

07-1699 LKK DAD P, 2008 WL 2220431, at *3 n.3 (E.D. Cal. May 27, 2008) ("Unless it appears that the petitioner did not submit a copy of the transcript of decision to the California Supreme Court even though that transcript was reasonably available to petitioner at the time, a bare citation to Duvall in denying state habeas relief is unlikely to constitute an adequate independent state-law ground for denial."). For reasons unknown, petitioner did not attach the hearing transcript to his habeas petition filed with the California Supreme Court. He had the opportunity to cure this deficiency by filing an amended pleading with the California Supreme Court. Because he did not do so, petitioner failed to fairly present his habeas claims to the California Supreme Court before submitting them to this court. Accordingly, his federal petition presents only unexhausted claims and must be dismissed.[2]

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 30, 2010 motion to dismiss (Doc. No. 21) be granted;

2. This action be dismissed without prejudice for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

---

[2] Even were this not the case, the pending habeas petition challenging the Board's decision to deny parole - on the grounds that the decision was not supported by "some evidence" and was otherwise unfair - should be dismissed. In this regard, the record before this court appears to establish that petitioner received a parole suitability hearing and that the Board panel provided him a reason for the denial of parole. Therefore, his federal habeas petition would be subject to summary dismissal pursuant to the U.S. Supreme Court's recent decision in Swarthout v. Cooke, 562 U.S.___ , 2011 WL 197627 (Jan. 24, 2011) (per curiam).

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>,
3  951 F.2d 1153 (9th Cir. 1991).  In his objections, if any, petitioner may address whether a
4  certificate of appealability should issue in the event he elects to file an appeal of the judgment in
5  this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must
6  issue or deny a certificate of appealability when it enters a final order adverse to the applicant).
7  DATED: January 31, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
will0310.mtd